# EXHIBIT 3

## ESCROW AGREEMENT

**THIS ESCROW AGREEMENT** (this "**Agreement**"), dated as of March [   ], 2017, is by and among NYNM Acquisition, LLC, a Delaware limited liability company ("**Buyer**"), Elizabeth Kelly (the "**Selling Member Representative**"), and Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("**Escrow Agent**"). Buyer and Selling Member Representative are referred to individually as a "**Party**" and collectively as the "**Parties.**"

## BACKGROUND:

Elizabeth Kelly, Michaela Kircher, Cliona Sotiropoulos (collectively, the "**Selling Members**"), New York Network Management, L.L.C., a New York limited liability company ("**Company**"), Buyer and Selling Member Representative are parties to that certain Membership Interests Purchase Agreement, dated as of the date hereof (the "**Purchase Agreement**[1]"), pursuant to which Buyer has agreed to acquire from the Selling Members their membership interest in the Company.

The Purchase Agreement provides for $3,590,000 (the "**Escrow Payment**") to be placed in escrow with the Escrow Agent to be disbursed in accordance with this Agreement in order to satisfy claims, if any, for indemnification by the Buyer Indemnified Persons pursuant to Section 7.1 of the Purchase Agreement.

The Parties desire to appoint Escrow Agent as the escrow agent pursuant to this Agreement, and Escrow Agent is willing to act as escrow agent hereunder. Escrow Agent agrees to hold and distribute all funds deposited with Escrow Agent pursuant to this Agreement in accordance with the terms of this Agreement.

The Parties acknowledge that the Escrow Agent is not a party to, is not bound by, and has no duties or obligations under the Purchase Agreement, that all references in this Agreement to the Purchase Agreement are for convenience, and that the Escrow Agent shall have no implied duties beyond the express duties set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the foregoing background and of the mutual covenants set forth herein, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. <u>Appointment of Escrow Agent</u>. The Parties hereby appoint and designate Escrow Agent as escrow agent for the purposes set forth herein, and Escrow Agent does hereby accept such appointment under the terms and conditions set forth herein.

2. <u>Establishment of the Escrow</u>. In connection with the Purchase Agreement, Buyer has heretofore delivered to Escrow Agent the sum of $3,590,000 (together with all interest earned thereon, the "**Escrow Fund**").

---

[1] All terms not defined herein shall have the meaning ascribed to them in the Purchase Agreement.

{00846025.DOCX;3 }

1

3. <u>Investment of Escrow Fund</u>. Subject to applicable rules of professional conduct, during the term of this Agreement, Escrow Agent shall deposit the Escrow Payment in an interest-bearing account.

4. <u>Distribution of the Escrow Fund</u>.

    4.1    Release of Funds:

        i.    If, pursuant to Section 7.1(a) of the Purchase Agreement, Buyer is entitled to a distribution under the Purchase Agreement of all or a portion of the Escrow Fund, subject to the limitations under Article 7 of the Purchase Agreement, from time to time on or before the nine (9) month anniversary of the date of this Agreement, ("**First Release Date**"), Buyer may give written notice (a "**Notice**") to the Selling Member Representative and Escrow Agent specifying in reasonable detail the nature and dollar amount of any claim (a "**Claim**") it may have under Section 7.1(a) of the Purchase Agreement. If Selling Member Representative gives notice to Buyer and Escrow Agent disputing any Claim or does not give any notice to Buyer and Escrow Agent with respect to such Claim (a "**Counter Notice**") within 10 Business Days of the Selling Member Representative's receipt of the Notice regarding such Claim, such Claim shall be paid as provided in Section 4.2 or a Confirmation Notice. If the Selling Member Representative gives written notice to Buyer and Escrow Agent accepting such Claim (a "**Confirmation Notice**"), the dollar amount of the Claim as set forth in the Notice shall be deemed established for purposes of this Agreement and the Purchase Agreement, and Escrow Agent shall promptly pay to Buyer the dollar amount claimed in the Notice from (and only to the extent of) the Escrow Fund. Escrow Agent shall not inquire into or consider whether a Claim complies with the requirements of the Purchase Agreement. On the First Release Date, Escrow Agent shall pay to the Selling Member Representative or to such person or persons as the Selling Member Representative shall designate an amount equal to: (i) 50% of the Escrow Fund less (ii)(A) any amounts previously distributed from the Escrow Fund and (B) any amounts sought by the Buyer under Claim for which a Counter Notice has been submitted and which has not been resolved.

        ii.    If, pursuant to Section 7.1(a) of the Purchase Agreement, Buyer is entitled to a distribution under the Purchase Agreement of all or a portion of the Escrow Fund, subject to the limitations under Article 7 of the Purchase Agreement, from time to time on or before the first anniversary of the date of this Agreement ("**Second Release Date**"), Buyer may give written Notice to the Selling Member Representative and Escrow Agent specifying in reasonable detail the nature and dollar amount of any Claim it may have under Section 7.1(a) of the Purchase Agreement. If Selling Member Representative gives Counter Notice within 10 Business Days of the Selling Member Representative's receipt of the Notice regarding such Claim, such Claim shall be paid as provided in Section 4.2 or a Confirmation Notice. If the Selling Member Representative gives a Confirmation Notice to Buyer and Escrow Agent, the dollar amount of the Claim as set forth in the Notice shall be deemed established for purposes of this Agreement and the Purchase Agreement, and Escrow Agent shall promptly pay to Buyer the dollar amount claimed in the Notice from (and only to the extent of) the Escrow Fund. Escrow Agent shall not inquire into or consider whether a Claim complies with the requirements of the Purchase Agreement. On the Second Release Date, Escrow Agent shall pay to the Selling

Member Representative or to such person or persons as the Selling Member Representative shall designate an amount equal to the remainder of the Escrow Fund, less any amounts sought by the Buyer under Claim for which a Counter Notice has been submitted and which has not been resolved. Escrow Agent shall notify Buyer of the amount of the disbursement when making a disbursement to Selling Member Representative. The Escrow Agent shall continue to hold in escrow the balance, if any, of the Escrow Fund remaining after the Second Release Date until the Escrow Fund has been released in full either in accordance with (x) joint written instructions executed by Buyer and Selling Member Representative and delivered to the Escrow Agent or (y) a final nonappealable order of a court of competent jurisdiction.

4.2   If a Counter Notice is given disputing any Claim, Escrow Agent shall make payment with respect to such Claim only in accordance with (i) joint written instructions executed by Buyer and Selling Member Representative, or (ii) a final nonappealable order of a court of competent jurisdiction. Escrow Agent shall act on such written instructions or court order without further question.

5.   Notices to Escrow Agent. Each Party shall simultaneously furnish to each other Party copies of all notices sent to Escrow Agent.

6.   Termination of Escrow. Upon disbursement of the Escrow Fund in full, this Agreement shall terminate, subject to the provisions of Sections 7 and 11, which Sections shall survive such termination. This Agreement may also be terminated at any time by and upon the receipt by Escrow Agent of ten (10) business days' prior joint written notice of termination executed by all the Parties. Notwithstanding the foregoing, if there are any amounts continuing to be held by the Escrow Agent after the Second Release Date pursuant to this Agreement, this Agreement shall not terminate pursuant to this Section 6 and the then-remaining balance of the Escrow Fund shall continue to be held in escrow by the Escrow Agent in accordance with the terms of this Agreement.

7.   Duties and Responsibilities of Escrow Agent.

7.1   The Parties acknowledge and agree that Escrow Agent (i) shall be obligated only for the performance of such duties as are specifically set forth in this Agreement; (ii) shall not be obligated to take any legal or other action hereunder which might in its judgment involve any expense or liability unless it shall have been furnished with indemnification reasonably acceptable to it; (iii) may rely on and shall be protected in acting or refraining from acting upon any written notice, instruction (including, without limitation, wire transfer instructions, whether incorporated herein or provided in a separate written instruction), instrument, statement, request or document furnished to it hereunder and whether believed by it to be genuine and to have been signed or presented by the proper person, and shall have no responsibility for determining the accuracy thereof; (iv) may consult counsel satisfactory to it, and the advice or opinion of such counsel shall be full and complete authorization and protection in respect of any action taken, suffered or omitted by it hereunder in good faith and in accordance with the advice or opinion of such counsel; (v) shall not be responsible in any manner for the validity or sufficiency of any instruments, documents or other property delivered hereunder or for the value or collectability of any note, check or any other instruments so

delivered or for any representations made or obligations assumed by any other party to this Agreement; (vi) shall not be obligated to deliver any cash, instruments, documents or any other property referred to herein, unless the same shall have first been received by Escrow Agent pursuant to this Agreement; and (vii) in the event that it shall be uncertain as to its duties or rights hereunder, or shall receive instructions, claims or demands from any of the parties hereto with respect to the Escrow Fund, which, in its opinion, are in conflict with any provision of this Agreement, it shall be entitled to refrain from taking any action (other than to keep safely the Escrow Fund) until it shall be directed otherwise in writing by all the parties hereto or by a final order or judgment of a court of competent jurisdiction.

7.2    Escrow Agent shall not be liable to anyone for any action taken or omitted to be taken by it or any of its shareholders or employees hereunder except in the case of gross negligence, bad faith, fraud or willful misconduct. The Parties, jointly and severally, covenant and agree to indemnify Escrow Agent and hold it harmless from and against, without any limitation, any loss, liability or expense (including without limitation any legal expenses) of any nature incurred by Escrow Agent arising out of or in connection with this Agreement or with the administration of its duties hereunder including, without limitation, legal fees and any other costs and expenses of defending or preparing to defend against any claim or liability, unless such loss, liability or expense shall be caused by Escrow Agent's gross negligence, bad faith, fraud or willful misconduct as adjudicated by a court of competent jurisdiction.  In no event shall Escrow Agent be liable for indirect, punitive, special or consequential damages.

8.    Dispute Resolution.

8.1    It is understood and agreed that should any dispute arise with respect to the delivery, ownership, right of possession, and/or disposition of the Escrow Fund or should any claim be made upon the Escrow Fund by a third-party, Escrow Agent, upon receipt of written notice of such dispute or claim by the Parties hereto or by a third-party, is authorized and directed to retain the Escrow Fund in its possession, without liability to anyone, to the extent subject to any dispute or claim, until such dispute or claim shall have been settled either by the mutual agreement of the parties involved or by a final order, decree or judgment of a court of competent jurisdiction, the time for perfection of an appeal of such order, decree or judgment having expired, or by arbitration award, if resolution of such dispute is subject to this Agreement, whereupon Escrow Agent shall disburse the Escrow Fund in accordance with such settlement or court order. Escrow Agent may, but shall be under no duty to, institute or defend any legal proceedings which relate to the Escrow Fund.

8.2    The Parties acknowledge that Escrow Agent is acting as the escrow agent hereunder as an accommodation to the Parties and nothing herein shall prevent Escrow Agent from representing the Buyer in connection with any matter, including without limitation, any dispute between Buyer and the Selling Members, or any matter arising under, in connection with or related to this Agreement, the Purchase Agreement, or any related agreement in connection therewith, and the Parties by execution hereof waive and release any claim asserting any theory that would interfere with or prevent designate Escrow Agent from so representing the Buyer. The Selling Member Representative on its own behalf and on behalf of the Selling Members specifically agrees they will not assert in any proceeding that Escrow Agent has or may have a

conflict in representing the Buyer, nor shall the Selling Member Representative or the Selling Members seek to disqualify Escrow Agent from continued representation of the Buyer in any proceeding.

9. Interpleader. If (i) the Parties shall be in disagreement about the interpretation of this Agreement or about the rights and obligations of the Parties hereunder or the propriety of any action contemplated by the Escrow Agent hereunder, or (ii) the Escrow Agent otherwise has any doubts as to the proper disposition of any part of the Escrow Fund or the execution of any of its duties hereunder, or (iii) the Parties shall not appoint a successor Escrow Agent or designate a person to whom the Escrow Fund should be delivered pursuant to Section 10 hereof within ten Business Days after notice of resignation is given by the Escrow Agent to the Parties, the Escrow Agent may, in its sole discretion, file an action in interpleader pending resolution of such disagreement in accordance with the terms of Section 16. The Escrow Agent shall be indemnified under Section 7.2 hereof for all costs, including reasonable attorneys' fees and expenses, incurred by it in connection with such interpleader action, and shall be fully protected in suspending all or part of its activities under this Agreement until a final order in such interpleader action is entered.

10. Resignation. Escrow Agent may resign from its duties or obligations hereunder by giving written notice to the Parties. Such resignation shall take effect upon the earlier to occur of (i) 30 days after the giving of such notice, or upon such later date as specified in such notice, or (ii) upon receipt by Escrow Agent of an instrument of acceptance executed by a successor escrow agent appointed in accordance with the next sentence and upon delivery by Escrow Agent to such successor of all the escrow documents and funds then held by Escrow Agent hereunder. The Parties shall jointly select a successor escrow agent under the above circumstances; if the Parties are unable to agree on a successor escrow agent prior to the effective date of Escrow Agent's resignation, Escrow Agent or the Parties may apply to a court of competent jurisdiction for the appointment of a successor escrow agent.

11. Compensation and Expenses. Any fees or expenses of the Escrow Agent after the date hereof arising in connection with this Agreement shall be borne one-half by the Selling Members jointly and severally and one-half by Buyer, *provided, however*, Escrow Agent **shall not charge a fee** solely for holding the Escrow Fund. Escrow Agent shall be entitled to reimbursement from the Parties in accordance with the immediately preceding sentence on demand for all expenses incurred in connection with the administration of the escrow created hereby including, without limitation, payment of any legal fees and expenses incurred by Escrow Agent in connection with the resolution of any claim by any party hereunder except in the event of a claim by one Party against the Escrow Agent, in which case, that Party alone shall be responsible for such fees and expenses (but solely to the extent such Party is not the prevailing party with respect to such claim against the Escrow Agent). In the event of nonpayment of such reimbursement, in the case of Selling Members, the Escrow Agent shall be entitled to deduct the Escrow Agent's fees and expenses from the Escrow Fund and in the case of Buyer's non-payment, Buyer shall be liable for such payment to Escrow Agent with interest at the rate of five percent (5%) accruing from the date an invoice is submitted to Buyer by Escrow Agent.

12. <u>Notices</u>. All notices, requests, demands and other communications hereunder shall be in writing and shall be sent by overnight courier, postage prepaid, to the Parties at their addresses set forth in the Purchase Agreement and to the Escrow Agent as set forth below:

Robinson Brog Leinwand Greene
Genovese & Gluck P.C.
875 Third Avenue 9th floor
New York New York, 10022
Attention: A. Mitchell Greene

or at such other address as any of the above may have furnished to the other Parties in writing, as aforesaid, and any such notice or communication given in the manner specified in this Section 12 shall be deemed to have been given as of the date so delivered or sent if delivered personally or as of the next Business Day if sent by overnight courier, postage prepaid.

13. <u>Severability</u>. If any term, provision, covenant or restriction of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the terms, provisions, covenants and restrictions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated, and the Parties hereto shall use their good faith, reasonable efforts to substitute one or more valid, legal and enforceable provisions in order to implement the purposes and intent hereof.

14. <u>Successors and Assigns; Assignment; No Third Party Rights</u>. This Agreement shall be binding upon and shall inure to the benefit of and be enforceable by the heirs, executors, administrators, personal representatives, successors and assigns of the Parties hereto; provided, however, that no party hereto shall assign this Agreement or any of its rights, interest or obligations hereunder without the prior written consent of the party against whom enforcement is sought and giving written notice thereof to Escrow Agent. No third party shall have any right, title or interest in or to any portion of the Escrow Fund.

15. <u>Modifications; Waiver</u>. This Agreement may not be altered or modified without the express written consent of the party against whom enforcement is sought. No course of conduct shall constitute a waiver of any of the terms and conditions of this Agreement, unless such waiver is specified in writing, and then only to the extent so specified. A waiver of any of the terms and conditions of this Agreement on one occasion shall not constitute a waiver of the other terms and conditions of this Agreement, or of such terms and conditions on any other occasion.

16. <u>Governing Law</u>. The terms of this Agreement shall be governed by the laws of the State of New York, regardless of the laws that might otherwise govern under applicable principles of conflicts of laws thereof. Each of the Parties irrevocably submits to the exclusive jurisdiction of the United States District Court for the Southern District of New York located in New York County, State of New York, or if such court does not have jurisdiction, the state courts of the State of New York located in New York County for the purposes of any suit, action or other proceeding arising out of this Agreement or any transaction contemplated hereby. Each of the Parties hereto irrevocably and fully waives the defense of an inconvenient forum to the

maintenance of such suit, action or proceeding. Each of the Parties hereto irrevocably and unconditionally waives any objection to the laying of venue of any action, suit or proceeding arising out of this Agreement or the transactions contemplated hereby in either of the courts named in this subsection and hereby further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum. The Parties hereto hereby irrevocably and unconditionally waive trial by jury in any legal action or proceeding relating to this Agreement or any other agreement entered into in connection therewith and for any counterclaim with respect thereto. Notwithstanding the preceding, the Parties may subsequently agree in writing that any such proceeding may be brought and maintained in any other court sitting in the United States that has jurisdiction.

17. <u>Force Majeure</u>. No party hereto shall be responsible for delays or failures in performance resulting from acts beyond its control. Such acts shall include, without limitation, acts of God, strikes, lockouts, riots, acts of war or terrorism, epidemics, governmental regulations superimposed after the fact, fire, communication line failures, computer viruses, power failures, earthquakes or other disasters.

18. <u>Reproduction of Documents</u>. This Agreement and all documents relating hereto including, without limitation, (i) consents, waivers and modifications which may hereafter be executed, and (ii) certificates and other information previously or hereafter furnished, may be reproduced by any photographic, photostatic, microfilm, optical disk, micro-card, miniature photographic or other similar process. The Parties agree that any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding, whether or not the original is in existence and whether or not such reproduction was made by a party in the regular course of business, and that any facsimile or further reproduction of such reproduction shall likewise be admissible in evidence.

19. <u>Headings</u>. The section headings herein are for convenience only and shall not affect the construction thereof.

20. <u>Business Day</u>. For purposes of this Agreement, the term "Business Day" shall mean any day during the year on which banks located in New York, New York, are not authorized to be closed.

21. <u>Counterparts</u>. This Agreement may be executed in several counterparts, including, without limitation, execution by facsimile, each of which shall be an original, but all of which together shall constitute one and the same agreement.

**[Signature Page to follow]**

**IN WITNESS WHEREOF**, the Parties hereto have executed, or have caused this Agreement to be executed, as an instrument under seal, intending this Agreement to be, to constitute and to have the effect of a sealed instrument according to law.

BUYER:

NYNM Acquisition, LLC

By: _____

Name: _____

Title: _____


Selling Member Representative


By: _____
    Elizabeth Kelly


Escrow Agent:

Robinson Brog Leinwand Greene Genovese & Gluck P.C.

By: _____
Name: A. Mitchell Greene

IN WITNESS WHEREOF, the Parties hereto have executed, or have caused this Agreement to be executed, as an instrument under seal, intending this Agreement to be, to constitute and to have the effect of a sealed instrument according to law.

BUYER:

NYNM Acquisition, LLC

By: ███████████████

Name: Paul Parmar

Title:  Manager


Selling Member Representative


By: _____
    Elizabeth Kelly


Escrow Agent:

Robinson Brog Leinwand Greene Genovese & Gluck P.C.

By: _____
Name: A. Mitchell Greene

IN WITNESS WHEREOF, the Parties hereto have executed, or have caused this Agreement to be executed, as an instrument under seal, intending this Agreement to be, to constitute and to have the effect of a sealed instrument according to law.

BUYER:

NYNM Acquisition, LLC

By: _____

Name: Paul Parmar

Title: Manager


Selling Member Representative

By: _____
    Elizabeth Kelly

Escrow Agent:

Robinson Brog Leinwand Greene Genovese & Gluck P.C.

By: _____
Name: A. Mitchell Greene

[Signature Page to Escrow Agreement]

**IN WITNESS WHEREOF**, the Parties hereto have executed, or have caused this Agreement to be executed, as an instrument under seal, intending this Agreement to be, to constitute and to have the effect of a sealed instrument according to law.

BUYER:

NYNM Acquisition, LLC

By: _____

Name: Paul Parmar

Title: Manager


Selling Member Representative


By: _____
    Elizabeth Kelly


Escrow Agent:

Robinson Brog Leinwand Greene Genovese & Gluck P.C.

By: _____
Name: A. Mitchell Greene



[Signature Page to Escrow Agreement]

{00846120.DOCX;1 }