# EXHIBIT 4

AMENDED AND RESTATED

ESCROW AGREEMENT

This Amended and Restated Escrow Agreement ("Escrow Agreement") is entered into effective March 24, 2017, among ELIZABETH KELLY, MICHAELA KIRCHER, and CLIONA SOTIROPOULOS (each, a "Selling Member" and collectively, the "Selling Members"), and HOLLAND & KNIGHT LLP, a Florida limited liability partnership ("Escrow Agent").

A.  The Selling Members and the Escrow Agent previously entered into that certain Escrow Agreement dated March 10, 2017 (the "Prior Agreement"). The Selling Members and the Escrow Agent desire to amend and restate the Prior Agreement to reflect the accurate amount of the Deposit as determined by the Selling Members.

B.  The Selling Members, Elizabeth Kelly, as the Selling Member Representative, New York Network Management, L.L.C., a New York limited liability company, and NYNM Acquisition, LLC entered into that certain Membership Interests Purchase Agreement ("Purchase Agreement") dated March 10, 2017, relating to the purchase and sale of the Interests (as defined in the Purchase Agreement).

B.  Section 1.2(b)(ii) of the Purchase Agreement provides that the parties to the Purchase Agreement shall deposit such amount required to be placed in escrow pursuant to the order issued by the Supreme Court of the State of New York in the Matter of New York Network Management LLC against Kevin Kelly and Auciello Law Group, LC (such order, as it may be amended, the "Order"), which is required to be deposited with the Escrow Agent upon the Closing of the transactions contemplated by the Purchase Agreement pursuant to the Order and which shall be held in accordance with the terms of this Escrow Agreement. Such amount equaling $445,315.00, and any and all interest accruing thereon are referred to collectively as the "Deposit."

In consideration of the obligations set forth herein and in the Purchase Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.  <u>Recitations, Definitions and Conflicts</u>.  The Selling Members each confirms that the recitations set forth above are correct. Capitalized terms not defined herein shall have the meanings ascribed thereto in the Purchase Agreement. To the extent of any conflict between the terms of the Purchase Agreement and this Escrow Agreement, this Escrow Agreement shall prevail.

2.  <u>General Terms of Escrow</u>.  Escrow Agent agrees to act as escrow agent in accordance with this Escrow Agreement. Simultaneously with execution of this Escrow Agreement, the party(ies) entitled to receive interest shall provide Escrow Agent with a completed and signed original Form W-9, including its federal taxpayer identification number. The Deposit shall be paid to Escrow Agent by wire transfer pursuant to the following wire transfer instructions:

|  |  |
|---|---|
| Name of Bank: | Citibank F.S.B. |
| Address of Bank | Miami Center |
|  | 201 South Biscayne Boulevard |
|  | Suite 3100 |
|  | Miami, Florida 33131 |
| ABA Number: | 266-086-554 |
| Name of Account: | Holland & Knight LLP Trust Account (IOTA) |
| Account Number: | 2101970715 |
| Swift Code for International Wires: | CITIUS33MIA |

Upon receipt of the Deposit, Escrow Agent shall provide the Selling Members with notice thereof. Escrow Agent is directed to place the Deposit in an interest-bearing money market account maintained at Citibank F.S.B. located at Miami Center, 201 South Biscayne Boulevard, Suite 3100, Miami, Florida 33131 in the name of Holland & Knight LLP, as Escrow Agent for the benefit of the Selling Members pursuant to the terms of the Escrow Agreement. Interest earned on the funds deposited shall be reported by Escrow Agent as accruing to the benefit of party(ies) providing the Form W-9. Each Selling Member hereby certifies that she is not subject to backup withholding due to Notified Payee Underreporting as defined in Section 3406(c) of the Internal Revenue Code. Accrued interest shall accumulate and constitute a part of the Deposit. Escrow Agent shall not be responsible for: (a) notifying any party if the Deposit is not received; (b) the rate of interest and any fluctuation in the rate of interest accruing on the funds deposited; (c) any adverse regulatory actions or reported failures affecting the financial institution at which the account is maintained; (d) the unavailability of FDIC insurance on all or any portion of the Deposit; or (e) any other matters beyond the direct and exclusive control of Escrow Agent.

3. <u>Disbursement of Deposit upon Court Order</u>. Escrow Agent shall deliver the Deposit (or portion thereof) as directed by a court of competent jurisdiction by a final, nonappealable order or judgment (a "Final Order") of such court to release and deliver the Deposit (or portion thereof) to the person(s) named in such Final Order. Any Selling Member shall promptly deliver to Escrow Agent a certified copy of such Final Order directing Escrow Agent to deliver the Deposit (or portion thereof) as specified in such Final Order that is accompanied by a written certification from counsel for the instructing party hereto attesting that such Final Order is final and not subject to further proceedings or appeal along with a written instruction from the instructing party hereto given to effectuate such Final Order and Escrow Agent shall be entitled to conclusively rely upon any such certification and instruction and shall have no responsibility to review the Final Order to which such certification and instruction refers or to make any determination as to whether such Final Order is final. The Selling Members acknowledge and agree that Escrow Agent shall be entitled absolutely to rely and act upon any such Final Order, even if such order is not final and is subject to further appeal and potential reversal. Escrow Agent shall, within five (5) Business Days following receipt of a certified copy of such Final Order, deliver the Deposit (or portion thereof) in accordance with such Final Order.

4. <u>Disbursement of Deposit upon Dismissal</u>. Within five (5) Business Days after Escrow Agent has received (a) from any Selling Member, a certified copy of the voluntary dismissal, with prejudice (the "Dismissal"), of the case styled *New York Network Management*

*LLC v. Kevin Kelly and Auciello Law Group, PC*, Index No.: 522203/2016, Supreme Court of the State of New York, County of Kings (the "Litigation") and (b) instructions set forth in a joint certificate to Escrow Agent executed by each Selling Member substantially in the form attached hereto as Exhibit A (the "Joint Certificate") instructing the Escrow Agent to disburse the Deposit (or a portion thereof), Escrow Agent shall deliver the Deposit (or a portion thereof) in accordance with such Joint Certificate. Escrow Agent shall be entitled to conclusively rely upon any such instruction and shall have no responsibility to review the Dismissal to which such instruction refers or to make any determination as to whether such Dismissal is final.

5. <u>Disbursement of Deposit upon Settlement Agreement or Stipulation</u>. Within five (5) Business Days after Escrow Agent has received (a) from any Selling Member, a settlement agreement entered into among the parties subject to the Litigation ("Settlement Agreement") or a stipulation entered into among the parties subject to the Litigation and a court of competent jurisdiction with respect to the Litigation (the "Stipulation") and (b) a Joint Certificate executed by the Selling Members instructing the Escrow Agent to disburse the Deposit (or a portion thereof) in accordance with the terms of the Stipulation or Settlement Agreement, as the case may be, Escrow Agent shall deliver the Deposit (or a portion thereof) in accordance with such Joint Certificate (the terms of which shall not be inconsistent with the terms of the Stipulation or Settlement Agreement, as the case may be). Escrow Agent shall be entitled to conclusively rely upon any such instruction and shall have no responsibility to review the Stipulation or Settlement Agreement to which such instruction refers or to make any determination as to whether such Stipulation or Settlement Agreement is final or as to whether the instructions set forth in the Joint Certificate comply or are consistent with the terms of the Stipulation or Settlement Agreement. The Selling Members acknowledge and agree that Escrow Agent shall be entitled absolutely to rely and act upon any such Stipulation or Settlement Agreement, even if such Stipulation or Settlement Agreement is not final and is subject to further appeal and potential reversal.

6. <u>Resolution of Disputes</u>. In the event of any dispute between or among any Selling Member regarding the Deposit or any other funds held by Escrow Agent, or in the event Escrow Agent shall receive conflicting demands or instructions with respect thereto, Escrow Agent may withhold disbursement or delivery of the same until Escrow Agent receives either: (a) joint written instructions from the Selling Members with respect to the disbursement or delivery of the same; or (b) a final, non-appealable order from a court of competent jurisdiction that is binding upon Escrow Agent regarding the disbursement or delivery of the same.

7. <u>Interpleader</u>. In the event of any controversy or dispute arising under or relating to this Escrow Agreement, Escrow Agent, after ten (10) days prior written notice to the Selling Members shall have the right to initiate an interpleader action in any state or federal court located in New York County, New York, naming the parties to this Escrow Agreement and any other parties as may be appropriate in the opinion of Escrow Agent. Each Selling Member, jointly and severally, shall indemnify and hold Escrow Agent harmless from all costs, including reasonable attorneys' fees, in connection with such interpleader action. If Holland & Knight LLP gives notice to the Selling Members that it intends to initiate an interpleader action, and if Holland & Knight LLP desires to represent any Selling Member (its client in the transaction underlying this Escrow Agreement) in such interpleader action or any other action to be filed in connection with this Escrow Agreement, Holland & Knight LLP shall include with its notice to the Selling

Members a resignation as Escrow Agent, in which event the parties shall select a mutually acceptable third party to serve as escrow agent hereunder and to bring such interpleader action, provided that if the Selling Members cannot agree on a successor Escrow Agent within fifteen (15) days of such notice from Escrow Agent, Escrow Agent shall petition a court of competent jurisdiction to name a successor.

8. <u>Consultation with Counsel</u>. Escrow Agent may consult with counsel of its own choice and shall have full and complete authorization and protection for any action taken or suffered by it hereunder in good faith and in accordance with the opinion of such counsel.

9. <u>Release of Liability; Indemnification of Escrow Agent</u>. Escrow Agent shall not be liable for any mistakes of fact or errors in judgment, or any acts or omissions of any kind, unless caused by its gross negligence or willful misconduct. Each Selling Member jointly and severally agree to release and indemnify and hold Escrow Agent harmless from any and all claims, demands, causes of action, liability, damages, judgments, including the reasonable costs of defending any action against it, together with any reasonable attorneys' fees incurred therewith (collectively, "Liabilities"), in connection with (i) Escrow Agent's undertaking pursuant to this Escrow Agreement, except to the extent such act or omission is a result solely of the gross negligence or willful misconduct of Escrow Agent, (ii) the determination of the amount of the monies required by the held by the Escrow Agent pursuant to the Order, and (iii) Escrow Agent's return of monies that were originally deposited under the Prior Agreement promptly following the entry by the Parties of this Agreement.

10. <u>Reliance on Documents</u>. Escrow Agent may act in reliance upon any writing or instrument or signature which it, in good faith, believes to be genuine, may assume the validity and accuracy of any statements or assertions contained in such writing or instrument, and may assume that persons purporting to give any writing, notice or instruction in connection with the provisions hereof has been duly authorized to do so. Escrow Agent shall not be liable in any manner for the sufficiency or correctness as to form, manner of execution, or validity of any written statements or instructions delivered to it. Escrow Agent shall not be liable in any manner for confirming, or failing to confirm, the identity, authority, or rights of any party hereunder. Escrow Agent undertakes to perform only such duties as are expressly set forth herein, and there are no implied duties or obligations of Escrow Agent. Without limiting the generality of the foregoing and notwithstanding anything contained herein to the contrary, Escrow Agent may assume that any Joint Certificate or other notice of any kind required to be delivered to Escrow Agent by any other person pursuant to this Escrow Agreement has been received by such other person(s) on the date it has been received by Escrow Agent, and Escrow Agent need not inquire or verify such receipt by such person(s).

11. **Limitations on Escrow Agent's Actions.** Escrow Agent shall not be required to institute or defend any action or legal process involving any matter referred to herein which in any manner affects it or its duties or liabilities hereunder unless or until requested to do show by any party hereto, and then only upon receiving full indemnity, in an amount and of such character as it shall reasonably require, against any and all Liabilities in relation thereto, except in the case of its own gross negligence or willful misconduct.

12. **Limitation on Escrow Agent's Knowledge.** Escrow Agent shall not be bound or in any way affected by any fact or circumstance affecting or alleged to affect the rights or obligations of any other person or entity, unless it has received written notice thereof signed by a party to this Escrow Agreement (a copy of any such notice shall be delivered promptly to all other parties to this Escrow Agreement).

13. **Resignation of Escrow Agent.** Escrow Agent may resign upon thirty (30) days written notice to the parties hereto. If a successor escrow agent is not appointed within such 30-day period, Escrow Agent may petition any court of competent jurisdiction to name a successor.

14. **Discharge of Escrow Agent.** Escrow Agent shall be discharged of its obligations hereunder upon the disbursement or delivery of the Deposit and any other funds or documents held by it in accordance with the terms of this Escrow Agreement, including any delivery or disbursement pursuant to an interpleader action.

15. **Notices.** All notices, demands, or other communications hereunder shall be in writing and given to the person(s) to whom the notice is directed, either by: (a) actual delivery at the address(es) stated below, including a national overnight delivery service, which shall be deemed effective at the time of actual delivery; (b) certified mail, return receipt requested, addressed as stated below, posted and deposited with the U.S. Postal Service, which shall be deemed effective three business days after being so deposited; (c) facsimile transmission to the facsimile transmission number stated below, provided that there is contemporaneous deposit of such notice with a national overnight delivery service addressed as stated below, which notice shall be deemed effective upon the earlier to occur of: (i) completion of the facsimile transmission; or (ii) actual delivery; or (d) e-mail transmission to the e-mail address stated below, provided that there is simultaneous deposit of such notice with a national overnight delivery service addressed as stated below, which notice shall be deemed effective upon the earlier to occur of: (i) completion of the e-mail transmission; or (ii) actual delivery by the overnight delivery service. All notices, demands, or other communications hereunder shall be addressed as follows:

If to the Selling Members : to the same addresses set forth in Section 9.2 of the Purchase Agreement.

| If to Escrow Agent: | With a copy to: |
|---|---|
| HOLLAND & KNIGHT LLP | Crystal J. Adkins, Esquire |
| 701 Brickell Avenue, Suite 3300 | Associate General Counsel |
| Miami, Florida 33131 | Holland & Knight LLP |
| Attention: Alberto M. Hernandez | 50 N. Laura |

5

Facsimile: (305) 789-7799
E-Mail: alberto.hernandez@hklaw.com

Street, Suite 3900
Jacksonville, FL 32202
Facsimile: 904-358-1872
E-Mail: crystal.adkins@hklaw.com

Where two recipients of a party to this Escrow Agreement are shown above, any notice, demand, or other communication hereunder shall be effective when first given to either recipient, provided that both recipients are given such notice, demand, or other communication.

16. <u>Reimbursement of Expenses</u>. Each Selling Member jointly and severally agree to reimburse Escrow Agent upon request for all expenses, including reasonable attorneys' fees, incurred by it in performing its duties hereunder. Escrow Agent may deduct the amount thereof from the sums held at the time of disbursement pursuant to the interpleader or otherwise.

17. <u>Waiver of Conflict</u>. The parties acknowledge that Escrow Agent has served as counsel for Elizabeth Kelly in the transaction of which this Escrow Agreement is a part and that Escrow Agent has been requested to serve as such for the convenience of the parties notwithstanding such relationship with Elizabeth Kelly. Accordingly, in the event a dispute or controversy relating to this Escrow Agreement (a "Dispute") arises between the parties, the parties agree (i) to permit Escrow Agent to continue to represent Kelly in connection with the resolution of such Dispute (provided, however, Escrow Agent shall resign promptly from its duties under this Escrow Agreement at the request of either party), (ii) to waive any conflict of interest on the part of Escrow Agent resulting from such continued representation of Elizabeth Kelly, (iii) not to seek to disqualify Escrow Agent from such continued representation of Elizabeth Kelly, and (iv) not to sue, and hereby release and exculpate, Escrow Agent with respect to any claim, cause of action or right of such parties that might have accrued as a result of Escrow Agent's continued representation of Elizabeth Kelly.

18. <u>Miscellaneous</u>. This Escrow Agreement may be executed in counterparts, and the counterparts together shall constitute the single agreement of the parties. Facsimile or other electronic transmission of a counterpart signed by a party shall be sufficient to establish signature by that party. This is the entire agreement between the parties relating to the subject matter hereof (and it supersedes all prior and contemporaneous agreements relating to this subject matter, including the Prior Agreement). This Escrow Agreement shall be: (a) governed in accordance with the laws of the State of Florida, with regard to any conflict of laws principles; (b) amended only by a written instrument signed by the Selling Members and Escrow Agent; and (c) binding upon and enforceable by the parties and their respective successors and assigns. This Escrow Agreement may not be assigned or delegated by any party without the prior written consent of the other parties. Any legal proceeding relating hereto shall be maintained only in Miami-Dade County, Florida.

[Signatures on following page]

The parties have caused this Escrow Agreement to be executed effective the date first stated above.

**SELLING MEMBERS:**

_[signature]_
ELIZABETH KELLY

_[signature]_
MICHAELA KIRCHER

_[signature]_
CLIONA SOTIROPOULOS

**ESCROW AGENT:**
HOLLAND & KNIGHT LLP

By: _[signature]_
Name: Alberto M. Hernandez
Title: Partner

## EXHIBIT A

### FORM OF JOINT CERTIFICATE

To: Escrow Agent

Reference is made to that certain Escrow Agreement, dated March [___], 2017 (the "Escrow Agreement"), by and among ELIZABETH KELLY, MICHAELA KIRCHER, and CLIONA SOTIROPOULOS (each, a "Selling Member" and collectively, the "Selling Members"), and HOLLAND & KNIGHT LLP, a Florida limited liability partnership ("Escrow Agent"). Capitalized terms used and not otherwise defined have the meanings ascribed thereto in the Escrow Agreement.

Pursuant to Section [4 or 5] of the Escrow Agreement, Escrow Agent is hereby authorized and instructed by the Selling Members to disburse the sum of [_____] Dollars ($[_____]) from the Deposit to _____ as follows: _____.

Very truly yours,

*[Signatures of each Selling Member]*

#50196733_v1