UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Orion HealthCorp, Inc., *et al.*,

Case No.: 18-71748-AST
Chapter 11

                                Debtor.
-------------------------------------------------------X
HOWARD M. EHRENBERG, as liquidating
Trustee of the jointly administered bankruptcy
estates of Orion HealthCorp., Inc. and Constellation
Healthcare Technologies, Inc.,

                                Plaintiff.

        - against -

Adv. Pro. No.: 20-08048-AST

Elizabeth Kelly;

                                Defendants.
-------------------------------------------------------X

## ORDER ASSIGNING MATTER TO MEDIATION

       The Court has determined to assign to mediation the above adversary proceeding between Howard M. Ehrenberg in his capacity as Liquidating Trustee (the "Plaintiff"), and Elizabeth Kelly (collectively, the "Mediation Parties"), to attempt to resolve all disputes by and between the Mediation Parties; it is therefore

       **ORDERED**, that pursuant to E.D.N.Y. LBR 9019-1, all disputes by and between the Mediation Parties are hereby referred to mediation; and it is further

       **ORDERED**, that Gerald E. Rosen (Ret.), is hereby designated as mediator (the "Mediator"); and it is further

       **ORDERED**, that the Mediator shall be compensated at an hourly rate to be determined after consultation between the Mediator and the Mediation Parties, or, if not agreed, then to be set by the Court; and it is further

       **ORDERED**, that the fees and cost of the mediation shall be shared equally among the Mediation Parties, with the Plaintiff bearing one-half of the total fees and costs, and the Defendant bearing one-half of the total fees and costs; and it is further

**ORDERED**, that the Mediation Parties shall furnish the Mediator with such copies of the pleadings and motion papers as the Mediator shall request, as well as such statements of each respective party's position as the Mediator shall request; and it is further

**ORDERED**, that the mediation shall be concluded, whether by separate or joint sessions, by **December 31, 2023**; and it is further

**ORDERED**, that by **January 16, 2024**, the Mediator shall file a status letter as to whether the mediation resulted in a settlement; and it is further

**ORDERED**, that notwithstanding any provision of this Order, the Mediation Parties shall comply with all deadlines contained in this Court's Orders entered in this adversary proceeding, and shall appear at all scheduled hearings and conferences; and it is further

**ORDERED**, that the Mediation Parties must attend the mediation including any insurance carrier(s) of a party; any partnership, corporation or other legal entity which is a Mediation Party, including insurance carrier(s), must designate for attendance a representative who has complete authority to resolve the disputes, subject only to such approval of the Bankruptcy Court as may be necessary or appropriate; and it is further

**ORDERED**, that to the extent the procedures for mediation are not set forth herein, the mediation shall be governed by E.D.N.Y. LBR 9019-1; and it is further

**ORDERED**, that the Plaintiff serve a copy of this Order upon the Mediation Parties, the Mediators and the Trustee within **three (3) business days** of entry of this Order.



Dated: December 8, 2023
      Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge