UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

In re:                                                                                              Chapter 11

ORION HEALTHCORP, INC.,                                              Case No. 18-71748 (AST)

                                                 Debtor.          (Jointly Administered)
-----------------------------------------------------------------x

HOWARD M. EHRENBERG IN HIS CAPACITY
AS LIQUIDATING TRUSTEE OF ORION
HEALTHCORP, INC., *et al*
,                                                                                                      Adv. Pro. No. 20-08048 (AST)


                                                 Plaintiff,

v.

ELIZABETH KELLY,

                                                 Defendant.
-----------------------------------------------------------------x

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO DISMISS ADVERSARY PROCEEDING

On March 13, 2020, Plaintiff, Howard M. Ehrenberg, as Liquidating Trustee of Orion Healthcorp, Inc. et al[1] ("Plaintiff") filed a Complaint against Defendants Elizabeth Kelly and Fidelity National Title Insurance Company [dkt item 1], thereby commencing this adversary

---

[1] The Debtors in these jointly administered chapter 11 cases are: Orion Healthcorp, Inc.; Constellation Healthcare Technologies, Inc.; NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; NEMS West Virginia, LLC; Physicians Practice Plus Holdings, LLC; Physicians Practice Plus, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.; RMI Physician Services Corporation; Western Skies Practice Management, Inc.; Integrated Physician Solutions, Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Northstar First Health, LLC; Vachette Business Services, Ltd. ; Phoenix Health, LLC; MDRX Medical Billing, LLC; VEGA Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance Billing & Consulting, LLC; New York Network Management, LLC. The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

proceeding. Plaintiff asserts nine causes of action against the Defendants under §§ 502, 542, 544, 547, 548, and 550 of title 11 of the United States Code, New York Debtor and Creditor Law ("D.C.L.") § 272, et. seq., general common law, and the Federal Rules of Bankruptcy Procedure. Plaintiff asserts that the matters raised in the Complaint are core proceedings under 28 U.S.C. § 157(b). Plaintiff also asserts that this Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a) and 1334(a).

On September 8, 2020, the proceeding was dismissed with respect to Defendant Fidelity National Title Insurance Company [dkt item 18], leaving Ms. Kelly as the only remaining Defendant in this adversary ("Defendant"). Claims four and eight only pertained to Defendant Fidelity National Title Insurance Company, therefore their dismissal from the action rendered these claims moot.

On June 30, 2020, Defendant filed a Motion to Dismiss (the "Motion") [dkt item 12], seeking to dismiss all remaining claims against her in the Complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), as incorporated by Bankruptcy Rule 7012.

Plaintiff filed opposition to the Motion. [dkt item 26]

Defendant filed a Reply. [dkt item 29]

The Court now takes up the Motion and responses for disposition on the merits.

In this adversary, the Trustee seeks to recover various payments allegedly made by one or more of the Debtors to Defendant, some or all of which were allegedly actual and/or constructive fraudulent transfers. In the Motion, Defendant asserts that dismissal is proper because, among other reasons, the property transferred to Defendant either belonged to her or were given in

satisfaction of an antecedent debt owed to her. Given this, Defendant argues, any payments made to her by the Debtor were legitimate and this adversary proceeding should be dismissed.

The United States Supreme Court has twice addressed Rule 12(b) pleading issues. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). In *Twombly*, Supreme Court noted that the standard for determination of a Rule 12(b)(6) motion that had been routinely recited from the fifty-year-old Supreme Court decision in *Conley v. Gibson*, 355 U.S. 41, 43-44 (1957), had been abrogated. The standard is no longer that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46 (1957). Rather, now, the factual allegations in a complaint must satisfy a flexible plausibility standard.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. 1949; *Twombly*, 550 U.S. at 556.

This Court has addressed on numerous occasions the application of Rule 12(b) and the flexible plausible pleading standard established by the Supreme Court. *See Devices Liquidation Trust v. Pineridge Vantage Partners, L.P. (In re Personal Communication Devices LLC)*, 528 B.R. 229, 233-35 (Bankr. E.D.N.Y. 2015) ; *Moxey v. Pryor (In re Moxey)*, 522 B.R. 428, 437-38 (Bankr. E.D.N.Y. 2014); *In re Ippolito*, Case No. 12-70632, Adv. Pro. No. 12-8403 (AST), 2013 WL 828316, at *3 (Bankr. E.D.N.Y. Mar. 6, 2013) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) (pleading standard for a § 1983 claim) and *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 546 (2007) (pleading standard for anti-trust conspiracy claim); *see also In re Int'l Tobacco Partners, Ltd.,* 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011); *In re Jones*, Case No. 10-77783, Adv Pro. No. 10-9033 (AST), 2011 WL 1549060, at *2-3 (Bankr. E.D.N.Y. Apr. 21, 2011); *In re Coletta*, 391 B.R. 691, 693-94 (Bankr. E.D.N.Y. 2008).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Id.*; *Iqbal*, 129 S.Ct. 1949; *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557 (internal citations omitted)).

Neither *Iqbal* nor *Twombly* departed from the standard that, in considering a Rule 12(b)(6) motion, a court is to accept as true all factual allegations in the Complaint and draw all inferences in favor of the plaintiff. *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 555-56; *see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). However, as the Supreme Court stated in *Iqbal*:

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation').

*Iqbal*, 129 S. Ct. at 1949-50 (citing FED. R. CIV. P. 8(a)(2)(internal citations omitted)).

Based upon its review of the Complaint, other than as to claims four and eight, this Court has determined that Plaintiff has met his pleading burden in this fact intensive dispute, including on matters at to which Defendants has essentially raised affirmative defenses and provided documents not made a part of the Complaint. Not insignificantly, this complaint is over 100 pages with exhibits [dkt item 1], the Motion is over 300 pages with exhibits [dkt items 12 and

13], the response over 400 pages [dkt items 26 and 27], and the request for judicial notice over 150 pages [dkt item 28]. The Motion to Dismiss stage of a case is not for resolving factual disputes. Therefore, Plaintiff has met its *Twombly* burden of pleading for all claims except claims four and eight.

Plaintiff has conceded that Claim four and claim eight are now moot. Thus, claims four and eight should be dismissed.

Therefore, based on the foregoing, it is hereby

**ORDERED**, that the Motion is granted in respect to claims four and eight of the Complaint which are hereby dismissed; and it is further

**ORDERED**, that the Motion is denied in all other respects; and it is further

**ORDERED**, that Defendant shall file an answer to the Complaint within twenty-one (21) days from the entry of this Order.



Dated: February 7, 2024
Central Islip, New York

Alan S. Trust
Chief United States Bankruptcy Judge