


LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

**NEW YORK**
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

Jeffrey P. Nolan March 18, 2024 jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

Re: **In re: Orion HealthCorp, Inc., et al.**
**Howard Ehrenberg v. Elizabeth Kelly, et al**
**Adv. Proc. No. 20-08048-AST**

Dear Judge Trust:

Pursuant to LBR 7056-1(a), Howard Ehrenberg, as the duly appointed Trustee and Plaintiff in the above referenced adversary, moves the Court for a pre-motion conference as part of his request to file a motion for summary adjudication of the Seventh Claim For Relief of the Complaint, Subordination of Claim in accordance with 11 U.S.C.§510(b)(c). (the "Motion")

Filing and hearing of the Motion will address an issue that would obviate the need to retain experts and take discovery on consequential damages and value-base health-care contracts saving time, costs and judicial resources. Application of the Code is squarely within the purview of the Bankruptcy Court.

On July 2, 2018, Defendant Elizabeth Kelly filed a proof of claim asserting the Debtors and each of them owed her $49,695,099.00, based on damages arising from the sale of her equity in New York Network Management, LLC ("NYNM") to the Debtor (the "Filed Claim"). The Filed Claim attached the Membership Interests Purchase Agreement of the LLC and asserts Kelly is entitled to $9,017,034 for Year-One revenue earned by NYNM and $38,803,403 for Year-Two projected revenue based on missed "*growth opportunities* which the Company failed to pursue due to the fraud perpetrated upon Kelly and others by the Debtors". (See Filed Claim, pg 4) Kelly claims the Debtor's business model would have changed in Year-Two from fee for service to value-based contracts which would have increased the Debtor's revenue exponentially and her profit by 400%.




LAW OFFICES



The consequential damages claim would involve significant additional discovery including experts in the area of value contracts, healthcare and damages. The Trustee submits that if the Filed Claim is subject to mandatory or equitable subordination, the various damage components, and frankly the Filed Claim, are moot since unsecured creditors are not expected to be made whole and equity interests will receive no recovery.

The object of bankruptcy laws is the equitable distribution of the debtor's assets amongst his creditors." *Kuehner v. Irving Tr. Co*., 299 U.S. 445, 451, 57 S. Ct. 298, 81 L. Ed. 340 (1937) 11 U.S.C. §510(b) serves to effectuate one of the general principles of corporate and bankruptcy law: that creditors are entitled to be paid ahead of shareholders in the distribution of corporate assets." *Participacoes v. Constrazza Int'l, Inc. (In re Universal Towers Constr., Inc*.), 641 B.R. 691, 704(M.D. Fla. 2002) citing to *In re Am. Wagering, Inc*., 493 F.3d 1067, 1071 (9th Cir. 2007). "The principles behind corporate and bankruptcy laws generally do not favor shifting the risk of loss from shareholders to creditors, even if the shareholders are blameless. One of the primary purposes of §510(b), therefore, is to prevent disappointed shareholders, sometimes the victims of corporate fraud, from recouping their investment in parity with unsecured creditors." Id. at 1071-72. Sale of a membership interests in an LLC, like a limited partnership, are “securities” within the purview of 11 U.S.C. §510(b) and properly subject to 11 U.S.C. §510(b). *O'Donnell v. Tristar Esperanza Props., LLC (In re Tristar Esperanza Props., LLC*), 488 B.R. 394, 399 (B.A.P. 9th Cir. 2013) (concluding that a membership interest in an LLC is a "security"); cited with approval by *Adler v. Lehman Bros. Holdings (In re Lehman Bros. Holdings)*, 855 F.3d 459, 473 (2nd Cir. 2017). Subordination under 11 U.S.C. 510(b) is <u>mandatory</u>. See 11 U.S.C. 510(b).

The application of equitable subordination principles pursuant to 11 U.S.C. §510(c), is well settled and special scrutiny must be given to insiders and their dealings with a debtor. The bankruptcy court has the equitable power and the duty to sift through the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate. *Pepper v. Litton*, 308 U.S. at 308, 60 S. Ct. at 246, 84 L. Ed. at 290. This duty is "especially clear" when the claim would accrue to the benefit of an officer, director or stockholder. *In re Multiponics, Inc*., 622 F.2d 709, 714 (5th Cir. 1980) citing to *Spach v. Bryant,* 309 F.2d 886, 888 (5th Cir. 1962).




LAW OFFICES



Kelly was the Chief Executive officer of the Debtor and an "insider" under the Code. See Bankruptcy Code section 101(31). Courts have held that inequitable conduct under §510(c) "encompasses conduct that may be lawful but is nevertheless contrary to equity and good conscience". *LightSquared LP v. SP Special Opportunities LLC (In re LightSquared Inc.*), 511 B.R. 253, 348-349(Bankr. S.D.N.Y, 2014).

The Trustee can come forward and carry his burden based on the Filed Claim and Kelly's deposition testimony, that Kelly by her domination of the Debtor's finances and bank account, misused the Corporate credit card for the purchase of international travel, high end luxury goods, gambling junkets to Atlantic City and hosting the wedding of her daughter and son in law who were employees of NYNM. Personal charges of approximately $500,000 were admittedly paid for by the Debtor. Similarly, Kelly advanced other sums which she accounted for in the Filed Claim as a "set-off" against amounts she claims she was owed while unsecured creditors needed to file lawsuits. The burden shifts to the Defendant to prove the fairness of the transactions with the debtor or his/her claim will be subordinated. *In re N & D Properties, Inc*., 799 F.2d 726, 731 (11th Cir. 1986) citing to *In re Multiponics*, 622 F.2d 709, 714 (5th Cir. 1980)

Even assuming the Defendant litigated the Filed Claim and prevailed, the costs to litigate through trial for both parties is wasted if the Filed Claim is properly subordinated. The legal issues raised can be addressed on summary adjudication with minimal evidence and without the need of a costly trial.

Very truly yours,

Jeffrey P. Nolan

JPN:rlm

cc:
(Counsel for Defendant, Via ECF and email)